890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald I. QUIMBY, Petitioner-Appellant,
v.
Norris W. McMACKIN, Supt., Respondent-Appellee.
 No. 89-3281.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1989.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ronald Quimby moves for counsel and miscellaneous relief and appeals from the district court's judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Following a jury trial, Quimby was convicted on two counts of rape in violation of Ohio Rev.Code Sec. 2907.02(A)(3). He was sentenced to 10-25 years imprisonment with 10 years actual incarceration on the first count and 5-25 years with 5 years actual incarceration on the second count. The trial court further ordered that these sentences be served consecutively for a total of 15 years actual incarceration.
 
 
 3
 In his petition, Quimby raised the following claims: 1) the prosecutor made an improper opening statement and closing argument; 2) the trial court improperly admonished defense counsel during his closing argument; 3) the trial court improperly admitted hearsay evidence; 4) the trial court improperly limited cross-examination; 5) he was denied an unbiased jury; 6) he received ineffective assistance of counsel; and 7) the cumulative effect of the above errors at trial denied him a fundamentally fair trial.
 
 
 4
 After reviewing the response, the magistrate's report and recommendation, and Quimby's objections, the district court dismissed the petition as meritless.
 
 
 5
 Quimby raises the same arguments on appeal.
 
 
 6
 Upon consideration, we conclude that the district court correctly decided that the prosecutor's misconduct did not entitle Quimby to habeas relief. Prosecutorial misconduct must be egregious so as to deny the petitioner a fundamentally fair trial before habeas relief becomes available. Donnelly v. DeChristoforo, 416 U.S. 637, 642-43 (1974). Quimby argued that the prosecutor's opening statement and closing argument contained references to matters outside the record and expressed the prosecutor's personal opinion on credibility and guilt. Although the state court of appeals found that many of the prosecutor's remarks were improper, it found that the errors were harmless. Review of the facts as recited by the state court of appeals reflects that the errors were harmless.
 
 
 7
 In addition, the trial court instructed the jury that the evidence did not include the indictment, or counsel's opening and closing statements. The trial court also instructed the jury that it was the sole judge of the facts, witness credibility, and the weight of the evidence. Because the prosecutor's statements did not render the trial fundamentally unfair, Quimby's first argument is without merit.
 
 
 8
 Second, the district court correctly held that the trial court's admonishment of defense counsel during closing argument was not constitutional error so as to justify granting habeas relief. Unless they amount to constitutional violations, prejudicial comments and conduct by a judge in a criminal trial are not subjects for collateral attack on a conviction. The test is whether the errors could have rendered the trial fundamentally unfair, meaning that the trial judge's intervention would have to reach a significant extent and be adverse to the defendant to a substantial degree. See McBee v. Grant, 763 F.2d 811, 818 (6th Cir.1985) (citations omitted). In this case, the court merely told counsel that it was improper to attempt to cry in front of the jury. This does not violate Quimby's right to a fair trial, thus, this claim is without merit.
 
 
 9
 Third, the district court correctly decided that Quimby's claim that the trial court improperly admitted hearsay evidence does not justify habeas relief. Quimby argues that the trial court admitted inflammatory and prejudicial hearsay evidence in the form of references to tapes that were never produced and references to statements made by various witnesses. However, errors in application of state law, especially regarding admissibility of evidence, are not cognizable in habeas proceedings unless such errors result in the denial of fundamental fairness. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). In fact, the rulings by a state's highest court with respect to state law are binding on the federal courts. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam). As a result, this claim is meritless.
 
 
 10
 Fourth, the district court correctly decided that the trial court did not unduly restrict Quimby's right of confrontation. Quimby argued that the trial court did not allow defense counsel to explore whether the witnesses, who were the rape victims, were coerced or coached. The sixth amendment does not prevent a trial judge from imposing reasonable limits on cross-examination. The confrontation clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. See Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). Defense counsel, on cross-examination, attempted to show that one of the victims (age three and a half at the time of the rapes) may have been controlled by her grandmother because her grandmother beat her if she told a lie. The state court of appeals found that in every case the judge was permitted to hear the witnesses' testimony concerning these beatings. Thus, the trial court did not limit the cross-examination of this witness in this area of questioning. Although the trial court sustained the prosecutor's objections to questions directed to the other victim (age seven at the time of the rapes), this decision was within the trial court's discretion to exercise control over the questioning to avoid harassing the witness. See Ohio R.Evid. 611(A). Thus, this claim is also without merit.
 
 
 11
 Fifth, the district court correctly decided that Quimby's claim that he was denied an impartial jury was without merit. He claimed that three jurors were closely associated with the victims and one of the jurors knew a witness. The state appellate court concluded that the jurors' backgrounds had not tainted their impartiality, and they were unbiased. This finding of fact is binding upon the federal courts under 28 U.S.C. Sec. 2254(d). See Patton v. Yount, 467 U.S. 1025, 1036-40 (1984) (the presumption of correctness applies especially to impartiality findings). During voir dire, no prospective juror stated that he could not fairly and without prejudice sit as a juror in Quimby's trial. When one of the jurors notified the trial court during trial that he knew one of Quimby's witnesses, the trial court questioned him to ensure that he was unbiased. Thus, this claim is meritless.
 
 
 12
 Sixth, the district court correctly decided that the actions of the court and prosecution did not deprive Quimby of his right to effective representation by counsel. To establish ineffective assistance, Quimby must show that counsel's representation fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). As stated previously, neither the prosecutor's actions nor the trial court's rulings were so extensive and antagonistic so as to render defense counsel unable to function. Thus, this claim is without merit.
 
 
 13
 Finally, in light of the above discussion, the district court correctly decided that, since none of the alleged errors prejudiced Quimby, the cumulative effect of the alleged errors at trial did not deny him a fundamentally fair trial.
 
 
 14
 For these reasons, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.